Clark & Co. *v.* Kingsland.

## S. H. CLARK & CO. *vs.* R. KINGSLAND.

An attorney at law, who assented to an assignment of a judgment belonging to his client, for whom he was under acceptances to be paid out of monies that he might collect, is not an incompetent witness to prove the circumstances under which his assent to the assignment was given, and to testify generally with reference to it.

When testimony is addressed to the court, objections to competency are not entitled to the same weight that they would be, if the testimony were addressed to a jury.

It is incompetent to prove a custom among attorneys at law, to take full and complete control over the business of foreign clients, and to exercise discretionary power in its settlement, in violation of the principles of law, or contrary to the interest of the clients.

An attorney at law, is only authorized to collect the money on claims placed in his hands for collection, and this authority as attorney extends no farther. He has therefore no power to take an assignment of one judgment in satisfaction of another, without special authority.

ERROR from the Madison circuit court.

The following is a copy of the receipt given by the attorney of record; which was the only subject of controversy before the court:

"Received of S. H. Clark & Co. an assignment of an execution, returnable to April, Mad. Court, 1839; S. H. Clark & Co. *v.* Cyril Foster, amounting to $376, 14 in part payment of a *fi fa* to said term, Richard Kingsland & Co. *v.* said S. H. Clarke & Co. which said assignment I agree to take as a payment of said claim of R. Kingsland & Co. and discharge the said S. H. Clark & Co. to that amount, on the execution against them as aforesaid.

"A. H. HANDY, attorney for R. Kingsland & Co."

H. A. Garrett, Esq., was the attorney of record for the plaintiff in the case of S. H. Clark & Co. *v.* Cyril Foster, and had accepted drafts drawn by S. H. Clark & Co. upon him, payable

out of that fund when collected. The judgment on Foster was collected, and paid over to Garrett by the sheriff; Garrett refused to pay the proceeds of it to Kingsland & Co., upon the ground that he was already under acceptances, payable out of that fund of date anterior to the transfer to them.

The opinion of the court states at length all the other important facts in the case.

*Tupper & Calhoun*, for plaintiffs in error.

The witness, H. A. Garrett, Esq. was incompetent. He received the money collected on the execution transferred to appellees, after having notice of the transfer. This notice made him responsible to them, whether he forgot it or not, and immediately upon the receipt of the money, he became liable to them for money had and received to their use. This liability is extinguished by the judgment overruling the motion in this case, and consequently he was interested in the result. Nor will it do to answer that he is also liable to the appellants. His own statement shows that he does not consider himself liable to them; and that this liability is contingent and remote, and not regarded by him. From his own statement he is entitled to a credit of part, or all the amount, if sued by the appellant. To make an interested witness competent, his liability must be equal, and the same, let the case go as it may. Here, it appears, if the appellants are compelled to pay the money, his fees are already collected, if not, he is liable to the appellees for the money, and is left to a disputed remedy against the appellants for his fees. His interest is manifest.

Rejecting this evidence, and it appears that the appellants transferred to the appellees, the money due on an execution in their favor, and that the money was made by the sheriff; and if the appellees had not, through their attorney, receipted the execution, *pro tanto*, against the appellants, the most they could have done, would have been to procure the collection of the money by the sheriff, and as the sheriff collected the money on the judgment assigned, this object was effected.

2. The court erred in rejecting the evidence of the custom of attorneys in this state, as to their powers over the business of distant clients.   It is competent to prove the custom of any profession.   And if it is the uniform practice in this State for distant clients to give discretionary powers to their attorney at law in the settlement of their debts here, it is reasonable to conclude that such power was given in this case.

3. The receipts of the attorney was an executed contract, and bound the client.   This doctrine is held in the case of *Wenans & January* v. *Lindsey*.   1 Howard, 578.   See also Ibid, 293.   5 Peters' Rep. 99.   13 Mass. Rep. 319.   6 Johns. R. 51.

In the case of *Holker* v. *Parker*, 2 Con. Rep. 506, it is held that the court will not disturb a compromise made with prudence by an attorney.   See also 4 Wash, C. C. R. 511.   In England, an attorney can enter a remittitur of damages.   Ld. Raymond, 589.   Ib. *Yarmouth* v. *Russell*, 1142.   In this State, when the creditors frequently live at a distance, public convenience and public policy, requires that the written acquittance of the attorney should bind the client.   Any other rule would operate prejudicially both to creditor and debtor, and whatever may be the rule in some of the other States, this is, as it is believed, and ought to be, the rule in this.   Col. Garrett ceased to be the attorney of the appellant after the assignment of the judgment to the appellees, and if they are compelled to pay this money, they are without remedy.

*A. H. Handy*, for defendant in error.

The correctness of the judgment below, depends entirely upon the legal effect of the receipt given by the attorney of the defendant in error, to the plaintiffs in error, and set forth in the record.   It is not contended, on the part of the plaintiffs in error, that this receipt cannot be explained, and the circumstances under which it was given, shown for the purpose of proving that it is not, *pro tanto*, a satisfaction of the execution of the defendant in error.   But it is insisted that the witness, by whom the circumstances going to show that the receipt was not a satisfaction were proved, was incompetent on account of interest.

The witness, Mr. Garrett, testified that the claim for the assignment of which the receipt was given, was placed, with other claims, by S. H. Clark & Co. in his hands for collection, long previous to the assignment, and that orders were drawn by Clark & Co. in favor of one or more persons on him, founded on those claims, and accepted by him, payable out of these claims; that in April, 1839, one of the partners of Clark & Co., in presence of the attorney for the defendant in error, stated to him that he wished to assign the execution, mentioned in the receipt, to the defendant in error, if he would agree to it—being busy at the time, he agreed to it without reflection; that after the money was made by the sheriff, on the execution mentioned in the receipt, the witness settled with the sheriff for it, and gave him a receipt, forgetting at the time that he had agreed to the assignment as he had done under the circumstances above stated; that the sheriff has not paid the money to him; that some time after the settlement he, the witness, paid $200 to a person holding one of the orders drawn by Clark & Co. on him and accepted; that after the witness had given the sheriff a receipt for the money collected on the case, the attorney of Kingsland & Co. called on the witness for the money, and he refused to pay it because of his acceptances, on which he was liable, and because Clark & Co. were indebted to him for fees.

1. It is manifest, from this state of facts, that Garrett had not such an interest in the controversy as would render him incompetent as a witness. Previous to the assignment by Clark & Co. he had become liable to the holders of his acceptances, founded, in part, on the very money to be collected from the execution assigned. It was his duty, then, to receive the money from the sheriff, collected on the execution, notwithstanding the subsequent assignment, and to account for it to the holders of his acceptances, who had a claim to it prior to the assignment. He is not liable, as the attorney for Kingsland & Co. in receiving the money; for it is shown that they had an attorney acting for them in the matter—nor is he liable to them for money had and received, by reason of receiving the money

after his acquiesçense in the assignment—for that acquiescence is shown to have. been given under such circumstances as not to be obligatory on him, *ex æquo et bono.* The application of his consent to the assignment, was made to him while he was engaged in business, and his consent was given under mistake. The circumstances, together with his clear liability and duty to apply the money to the prior claims of the holders of the acceptances, take away any liability, on his part, to Kingsland & Co. for money had and received, or, at least, render. such liability very doubtful.

But he is, certainly, as much liable, in law, to Clark & Co. for not paying money collected on the execution, in conformity to their assignment, as he is to Kingsland & Co. for having received it. He was the attorney of Clark & Co., not of Kingsland & Co. If it be determined that Clark & Co. are still liable to pay Kingsland & Co. the amount of the execution. assigned, Clark & Co. have clearly a remedy against Garrett, for the money received by him, provided they were entitled to receive it at the time of the assignment; and if they were not so entitled, the assignment passed nothing, and was a fraud upon the assignees. It is, therefore, obvious that the witness' interest is the same, in whichever way this matter shall be decided. *Ilderton* v. *Atkinson,* 7 T. R. 480. 2 Mass. R. 108—and he is, therefore competent.

Again, conceding that Garrett would be liable to Kingsland & Co. for money had and received, in case they should not succeed in this case, yet he is a competent witness, because he is protected by the statute of limitations. *Ludlow* v. *Union Ins. Co.,* 2 Serg. & Rawle, 119. He received the money in the spring of 1839, and after the lapse of three years, the statute is a bar to all claim against him for the money.

It is familiar to the court that objections are held in the present stage of legal science, to apply rather to the credit than to the competency of witnesses, and the courts have shown a determination for many years, to let in truth wherever it is not clearly inadmissible, and wherever the interest is not manifestly shown. Thus, if it be remote—merely posssible—it will not dis-

qualify. *Collins* v. *Twynne*, 9 Bing. 559. *Carter* v. *Pearce*, 1 T. R. 163. So if it be of a doubtful nature, as in this case, 1 Stark. Ev. 104; or if the interest be contingent, 2 Phillips Ev. (Cow. & Hill's notes,) top p. 99. 1 Stark. Ev. 103 and seq.

2. This assignment of error is annulled by the remarks above made. For conceding that the receipt given by the attorney of Richard Kingsland & Co., was fully binding upon them, yet it is not a satisfaction of their execution to the amount specified in it, no benefit having accrued to them from the assignment, nor loss to Clark & Co.; for the money having been received by Mr. Garrett, and held by him, to be applied to drafts drawn by Clark & Co. on him on the faith of it, Clark & Co. have received the full benefit of the money collected, and their liability to the holders of Garrett's acceptances is discharged *pro tanto*, and yet they seek to have a double application of the money, by causing it to be appropriated to the executions of Kingsland & Co. against them, after having received the full benefit of its application to their drafts on Garrett.

The evidence, then, going to show the custom of attorneys, in order to make the receipt of the attorney binding on Kingsland & Co. is irrelevant and immaterial, and was properly rejected.

It is not necessary to controvert in this case, that the receipt, on its face, bound the client, however dangerous as a general rule, such doctrine might be, as here contended for on the part of the plaintiff in error. The receipt is not conclusive, and the party may show that he did not receive the money or thing in question. 2 Stark. Ev. 19, and cases cited in note 1.

The explanation afforded by the evidence in this case, shows a total failure of consideration or benefit to the party giving the receipt. It is worthy of remark, that this was occasioned by the bad faith of Clark & Co. through the partner, in making an assignment of a claim in the hands of an agent, which had already been set apart for the payment of other debts, the holders of which were entitled to its proceeds—and the agent, under their instruction, had rendered himself liable to apply the proceeds of those claims to those other debts, and this, previous to

the assignment. It is this fraud of Clark & Co. which has occasioned the difficulty to Kingsland & Co. in realizing the benefit of the assignment, and yet Clark & Co. not only ask to be protected in the fraud, but that the money collected by Garrett, shall receive a double application; first, to the payment of their orders on Garrett, and, secondly, to the satisfaction of the execution of Kingsland & Co. Such would plainly be the unjust effect, should the court determine that the receipt set forth in the record, is a satisfaction of the execution of Kingsland & Co. for the amount mentioned in it.

Under these circustances, Clark & Co. would sustain no loss, if the amount of money mentioned in the receipt, is not applied as a credit on the execution of Kingsland & Co. against them ; for they receive full credit for it by means of Garrett's acceptances. But even if this were not so, is it not manifest that the bad faith of Clark & Co. in assigning a claim which they had previously appropriated and disposed of for a particular purpose, has occasioned their loss ? And is it not a well established principle of law, that where a loss must fall upon one of two parties, he who has been the cause of the injury, must bear its consequences ?

3. The collection of the money on the execution by the sheriff, was not a satisfaction to Kingsland & Co., because Garrett was still the attorney of record, and received payment to the use to which it was legally applicable, viz : to the use of the holders of his acceptances founded on it, and existing previous to the pretended assignment of it to Kingsland & Co. Second, Kingsland and Co. have received no benefit whatever from the collection of the money, and, on the contrary, Clark & Co. have received the full benefit of it.

Mr. Chief Justice Sharkey delivered the opinion of the court.

The material facts in this case are the following, to wit: At the May term, 1842, of the circuit court of Madison county, the appellants moved to have satisfaction entered of a judgment which the appellee had recovered against them for $1700, and to quash executions which had issued thereon subsequent to the

November term, 1839. The court directed the satisfaction to be entered except as to $376, but refused to have it entered for that sum.

It seems that various payments had been made on the executions, until finally the sheriff struck a balance allowing all credits, and receipted for that balance in full on the execution. Amongst the several items of credit or payments on the execution, there is one which originated in this way: the defendants in the execution assigned to the attorney of record of the plaintiff, Kingsland, a judgment which they had obtained against one Foster, amounting to $376, the attorney taking such assignment as a payment and giving a receipt accordingly. There is no dispute about any other payment, and this is therefore the only one that need be noticed. This amount of $376, was credited as so much paid the attorney, and regarded by the sheriff in his final settlement as a payment.

Garrett, the attorney for Clark & Co. was introduced, and says that he was under acceptances for Clark & Co. for money that he might collect, but he notwithstanding agreed to the assignment. When he came to settle with the sheriff, the amount of this judgment against Foster was included by mistake, and he receipted for it before the money was paid, taking the sheriff's note, which, in fact, never has been paid. So that the amount of this judgment never came to the hands of Kingsland's attorney. Garrett's testimony was objected to on the ground of interest, but the objection was overruled.

The appellant's counsel then offered to introduce witnesses to prove that it was the custom of attorneys in this State, to take full and complete control over business placed in their hands by foreign clients, and to exercise discretionary power, but the court refused to hear this testimony.

On this state of facts, the appellants have assigned for error, first, that Garrett's testimony was improperly admitted; second, that the court erred in refusing to hear testimony as to the custom of attorneys in this State; and, third, that the court erred in not having satisfaction entered on the facts of the case, be-

cause when the assigned execution was satisfied, it was a satisfaction of so much of Kingland's execution.

1. To the admissionof Garrett's testimony, there could be no objection. He had no such interest as to exclude him; besides, it was addressed to the court, and in such cases, objections are not entitled to the same force as they would be if the testimony was addressed to a jury.

2. The second error is equally groundless. Such a custom as that which was attempted to be established, could not be permitted to affect the rights of clients. Any custom of the kind which the attorneys may have adopted, cannot be permitted to change the law. If their clients assent to it, then it binds them, but not otherwise.

3. The third error is equally untenable. It is the business of an attorney to collect the money on claims placed in his hands for collection; and his authority as an attorney extends no further. He has no power to take an assignment of a mere security, without some authority given for that purpose. It results, necessarily, that any receipt given by an attorney for such security, although it profess to be in satisfaction or payment, is not binding on his client, nor is it a legal discharge of so much of the debt. The attorney may in this manner make himself liable, and the client may rest content with that liability, if he chooses, but if he has obtained a judgment, he is not bound to relinquish it and accept other securities which his attorney may have agreed to take. This principle has been repeatedly recognized by this court in similar cases. *Wenans & January* v. *Lindsey,* 1 How. 577. *Fitch* v. *Scott,* 3 How. 314. The judgment of the court below must accordingly be affirmed.